ROYI MOAS, ESQ.
Nevada State Bar No. 10686
DANIEL BRAVO, ESQ.
Nevada State Bar No. 13078
**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**
3773 Howard Hughes Parkway
Suite 590 South
Las Vegas, Nevada 89169
Tel.: (702) 341-5200
Email: rmoas@wrslawyers.com
Email: dbravo@wrslawyers.com

JASON J. THOMPSON, ESQ.
*Pro hac forthcoming*
KEVIN J. STOOPS, ESQ.
*Pro hac forthcoming*
DAVID R. PARKER, ESQ.
*Pro hac forthcoming*
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, Suite 1700
Southfield, Michigan 48076
Tel: (248) 355-0300
Email: jthompson@sommerspc.com
Email: kstoops@sommerspc.com
Email: dparker@sommerspc.com

*Attorneys for Plaintiff Idan U. Edry and
Putative Class Members*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IDAN U. EDRY, an individual, on behalf of himself and others similarly situated;<br><br>Plaintiff,<br>vs.<br><br>HOMETOWN EQUITY MORTGAGE, LLC, a Missouri limited-liability company, d/b/a/ THELENDER,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff IDAN U. EDRY, on behalf of himself and all persons and entities similarly situated, by and through the undersigned counsel, states and alleges as follows:

**I.   NATURE OF ACTION AND SUMMARY**

1.   Plaintiff IDAN U. EDRY ("Plaintiff") recently purchased a residential investment property located at 10644 Glowing Dawn Avenue, Las Vegas, Nevada 89135 (the "Property"). Like many others, before buying the Property, Plaintiff sought a mortgage from Defendant HOMETOWN EQUITY MORTGAGE, LLC, doing business as theLender ("Defendant" or "theLender").

2. Plaintiff pre-qualified for a non-owner no income loan (the "NONI Loan") with theLender, and, on or about January 10, 2022, theLender agreed to "lock" Plaintiff's offered mortgage interest rate at 4.5%.

3. Prior to the close of the NONI Loan and the purchase of the Property, on information and belief, theLender notified all mortgage brokers that "due to market conditions," theLender would not be able to honor any interest rate locks received prior to February 4, 2022.

4. Unilaterally and without justification, theLender did not honor Plaintiff's mortgage interest rate lock, and, instead, Plaintiff's mortgage interest rate increased from 4.5% to 6.125% causing Plaintiff damages.

5. On information and belief, what happened to Plaintiff happened to similarly-situated individuals and entities that theLender wrongfully refused to honor "locked" mortgage interest rates.

6. Through this action, Plaintiff seeks damages, on behalf of himself and the Class, defined herein, for the wrongful actions theLender caused when unilaterally refusing to honor mortgage interest rate locks.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because diversity of the parties exists and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because the acts giving rise to Plaintiff's claims herein occurred within this judicial district, and the Closing Documents provide for jurisdiction in the location where the Property is located, which is within this judicial district.

## III. THE PARTIES

9. Plaintiff IDAN U. EDRY is a resident and citizen of Clark County, Nevada.

10. Defendant HOMETOWN EQUITY MORTGAGE, LLC is a Missouri limited-liability company, headquartered in Lake Forest, California, doing business as theLender.

Defendant is one of the largest and fastest growing mortgage companies throughout the United States.

### IV.  FACTUAL ALLEGATIONS

11. On or about November 23, 2021, Plaintiff submitted to theLender a universal residential loan application.

12. On or about November 30, 2021, Plaintiff pre-qualified for a NONI Loan with theLender.

13. On or about January 10, 2022, theLender agreed to "lock" Plaintiff's offered mortgage interest rate at 4.5%, with an expiration of the "locked" mortgage interest rate on February 8, 2022.

14. On or before February 8, 2022, theLender agreed to extend Plaintiff' "locked" mortgage interest rate of 4.5% to February 23, 2022.

15. On or about February 15, 2022, on information and belief, theLender notified all mortgage brokers that "due to market conditions," theLender would not be able to honor any interest rate locks received prior to February 4, 2022.

16. On or about February 24, 2022, Plaintiff closed on the Property at the higher mortgage interest rate under protest.

### V.  CLASS ACTION ALLEGATIONS

17. This matter is brought by Plaintiff on behalf of himself and those similarly situated, under Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP"). The Class that Plaintiff seeks to represent is defined as follows:

> All persons and entities that received a mortgage interest rate lock prior to February 4, 2022, from theLender, and whom theLender subsequently revoked the mortgage interest rate lock.

18. Excluded from the Class are theLender's officers, directors and employees; and the judicial officers and associated court staff assigned to this case, and the immediate family members of such officers and staff. Plaintiff reserves the right to amend the class definition.

19. Plaintiff seeks to represent the Class for any damages, and assert Plaintiff's claims on behalf of both himself and the Class members Plaintiff seeks to represent.

20. The "numerosity" requirement of Rule 23(a)(1) is satisfied here because the members of the proposed Class are so numerous and geographically dispersed that joinder of all its members is impracticable. Although the exact number of Class members is unknown at this time, there are believed to total at least hundreds of members. Therefore, the numerosity requirement of Rule 23(a)(1) is met.

21. The "commonality" requirement of Rule 23(a)(2) is satisfied because there are questions of law or fact common to Plaintiff and the other Class members, including:

    a. Whether Defendant wrongfully breached mortgage interest lock agreements;

    b. Whether Defendant engaged in unfair or deceptive acts or practices with the sale of its financial products;

    c. The proper measure and appropriate formula to be applied in determining damages for the injuries sustained by Plaintiff and the Class;

    d. Whether Plaintiffs and the other Class members are entitled to declaratory or other equitable relief;

    e. Whether Defendant is unjustly enriched; and

    f. Whether Defendant is liable for attorneys' fees and costs.

22. The "typicality" requirement of Rule 23(a)(3) is satisfied here because the claims arise from the same course of conduct by Defendant and are based on the same legal theories. Further, Plaintiff seeks the same forms of relief for himself as he seeks for the other Class members. Consequently, Plaintiff has every incentive to vigorously pursue his claims. Plaintiff has no conflicts with, or interests antagonistic to, the other Class members, who have been damaged as a result of the same conduct by Defendant as Plaintiff. Plaintiff is committed to the vigorous prosecution of this action, which is reflected in Plaintiff's retention of competent counsel experienced in complex and challenging litigation.

23. Plaintiff's counsel have identified and thoroughly investigated the claims set forth herein, and are highly experienced in the management and litigation of class actions and complex litigation. Plaintiff's counsel have extensive knowledge of the applicable law and possess the resources to commit to the vigorous prosecution of this action on behalf of Plaintiff and the other Class members. Accordingly, Plaintiff satisfy the "adequacy" of representation requirements of Rule 23(a)(4).

24. This action also meets the requirements of Rule 23(b)(2). Defendant has acted, or refused to act, on grounds generally applicable to Plaintiff and other Class members, making declaratory relief with respect to the proposed Class appropriate.

25. This action satisfies the predominance, superiority, and manageability requirements of Rule 23(b)(3). Common questions of law and fact, including those set forth above, exist as to all Class members' claims. These common questions predominate over questions affecting only individual Class members. A class action is superior – if not the only method – for the fair and efficient adjudication of this controversy. Class treatment will permit large numbers of injured persons similarly situated to prosecute their respective claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would produce. This action is manageable as a class action.

## **FIRST CLAIM FOR RELIEF**

### **Breach of Contract**

26. Plaintiff repeats and re-allege all previous paragraphs herein as though fully set forth herein.

27. To secure a locked mortgage interest rate on a potential mortgage, Plaintiff and the Class entered into agreements with theLender, under which Plaintiff and Class members performed all material requirements.

28. Those agreements to "lock" interest rates are known as "Lock Confirmation," "Lock-In Agreements," or something similar.

29. TheLender's "Lock Confirmation" coupled with the continued performance by the

Plaintiff towards seeking a loan with and or through theLender, formed the basis for a contract between the parties, wherein the theLender was contractually bound to honor the locked-in rate.

30. In refusing to honor the "locked" interest rate contained in the "Lock Confirmation," theLender breached its agreement with borrowers.

31. Because of theLender's breach, Plaintiff and the Class have been harmed, and are entitled to all available damages.

## SECOND CLAIM FOR RELIEF

**Violation of the Nevada Deceptive Trade Practices Act, NRS 598.0903, *et seq.*, Pursuant to NRS 41.600**

32. Plaintiff repeats and re-allege all previous paragraphs herein as though fully set forth herein.

33. The Nevada Deceptive Trade Practices Act ("Nevada DTPA"), NRS 598.0903, *et seq.*, prohibits deceptive trade practices.

34. NRS 598.0915(9) provides that a person engages in a "deceptive trade practice" if, in the course of business or occupation, the person "[a]dvertises goods or services with intent not to sell or lease them as advertised."

35. NRS 598.0915(15) provides that a person engages in a "deceptive trade practice" if, in the course of business or occupation, the person "[k]nowingly makes any other false representation in a transaction.

36. Defendant engaged in deceptive trade practices in violation of the Nevada DTPA by agreeing to lock the mortgage interest rate, and whom theLender subsequently revoked the mortgage interest rate lock.

37. NRS 41.600 provides a cause of action to any person who is injured by a violation of a deceptive trade practice as defined by the Nevada DTPA.

38. Defendant's violation as set forth above occurred in the course of business; specifically in the course of agreeing to lock the mortgage interest rate to Plaintiff and the Class, and subsequently revoking the mortgage interest rate lock to Plaintiff and the Class.

39. Plaintiff and the Class suffered ascertainable losses caused by Defendant's violation of the Nevada DTPA, namely increased mortgage interest payments resulting from Defendant's refusal to honor mortgage interest rate locks.

40. As a direct and proximate result of Defendant's violation of the Nevada DTPA, Plaintiff and the Class have suffered injury-in-fact and/or actual damage.

41. Accordingly, Plaintiff and the Class seek their actual damages, punitive damages, attorney's fees and costs, and all other appropriate and available remedies under the Nevada DTPA and NRS 41.600.

## THIRD CLAIM FOR RELIEF

### Negligent Misrepresentation

42. Plaintiff repeats and re-allege all previous paragraphs herein as though fully set forth herein.

43. Plaintiff and Class members were harmed by theLender when theLender misrepresented an important fact: that locking their mortgage interest rate at the beginning of the financing process provides "protection" to borrowers from market fluctuations.

44. By representing that their interest rate was securely "locked" and they were protected, theLender intended to induce Plaintiff and the Class to secure their financing or refinancing with theLender, and Plaintiff's and Class members' reasonable reliance on that representation was a substantial factor in them doing so.

45. Plaintiff and Class members were harmed by theLender's negligent representation because they were faced with the choice of paying a higher interest, losing a refinance, and/or foregoing a home purchase.

46. Plaintiff and the Class therefore request all available damages and relief.

## FOURTH CLAIM FOR RELIEF

### Declaratory Relief

47. Plaintiff repeats and re-allege all previous paragraphs herein as though fully set forth herein.

48. There is an actual, justifiable controversy between theLender and Plaintiff concerning whether theLender breached its "Lock Confirmation."

49. Pursuant to NRS 30.030, the Court has the power "to declare the rights, status and other legal relations whether or not further relief is or could be claimed."

50. Based on theLender failure to honor the "Lock Confirmation," Plaintiff seeks a declaration that theLender wrongfully breached the "Lock Confirmation."

51. The declaratory relief requested herein is ripe for adjudication and will generate common answers that will settle the controversy related to whether theLender wrongfully breached the "Lock Confirmation."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed Class, prays for judgment against Defendant as follows:

A. Certification of this action as a class action on behalf of the proposed Class;

B. Designation of Plaintiff as Class Representative;

C. Appointment of undersigned counsel as Class Counsel;

D. Judgment in favor of Plaintiff on all causes of action;

E. Declaration that the practices complained of herein are unlawful;

F. Damages in excess of $75,000;

G. Relief pursuant to NRS 41.600;

H. An award of pre-judgment and post-judgment interest as provided by law;

I. An award of attorneys' fees and costs; and

J. Any further remedy the Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

# JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

DATED this 20th day of May, 2022.

By:      */s/ Royi Moas, Esq.*
ROYI MOAS, ESQ.
Nevada State Bar No. 10686
DANIEL BRAVO, ESQ.
Nevada State Bar No. 13078
**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
3773 Howard Hughes Parkway, Suite 590 South
Las Vegas, Nevada 89169
Tel.: (702) 341-5200 / Fax: (702) 341-5300
Email: rmoas@wrslawyers.com
Email: dbravo@wrslawyers.com

JASON J. THOMPSON, ESQ.
*Pro hac forthcoming*
KEVIN J. STOOPS, ESQ.
*Pro hac forthcoming*
DAVID R. PARKER, ESQ.
*Pro hac forthcoming*
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, Suite 1700
Southfield, Michigan 48076
Tel: (248) 355-0300
Email: jthompson@sommerspc.com
Email: kstoops@sommerspc.com
Email: dparker@sommerspc.com

*Attorneys for Plaintiff Idan U. Edry and Putative Class Members*