UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IDAN U. EDRY, an individual, on behalf of himself and others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>HOMETOWN EQUITY MORTGAGE, LLC, a Missouri limited-liability company, d/b/a THELENDER,<br><br>　　　　　　　　Defendant. | Case No. 2:22-cv-00804-MMD-MDC<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Idan U. Edry, on behalf of himself and all persons and entities similarly situated, sued Defendant Hometown Equity Mortgage, LLC d/b/a/ theLender for allegedly failing to honor Plaintiff's locked interest rate. After dismissal motion practice, Plaintiff's sole remaining claim is for breach of contract. (ECF No. 34.) Before the Court are the following motions: Plaintiff's motion for class certification (ECF No. 56), Plaintiff's motion for partial summary judgment (ECF No. 59 ("Motion")), and Defendant's countermotion for summary judgment (ECF No. 68 ("Countermotion"))[1]. The Court will grant the Countermotion and deny the Motion because Plaintiff fails to proffer evidence that an enforceable contract existed between the parties. As a result, the Court will also deny Plaintiff's motion for class certification as moot.

///

///

///

---

[1] The Court reviewed the briefs relating to these motions (ECF Nos. 58, 62, 67, 71, 70, 72). The Court also held oral argument on these motions. (ECF No. 78.)

## II.     BACKGROUND[2]

Defendant is a mortgage company offering business purpose loans.[3] (ECF No. 59 at 6.) It has a network of brokers who share information about loan programs, submit loan applications, complete credit checks, and deliver interest rate lock agreements from Defendant to borrowers. (*Id.* at 7.) Defendant notifies brokers of approved interest rates for loans through confirmation of rate lock agreements.[4] (*Id.*) Defendant's policy was to set rate lock loans "at the pricing in effect at the time of the lock request." (*Id.* at 8.) The lock periods expired on the "the last day to fund the loan." (*Id.*) As part of qualifying for a loan, Defendant requires prospective borrowers to pay for an appraisal of the subject property, provide a credit report, and share their personal financial information. (*Id.* at 7.)

In 2021, Plaintiff decided to purchase a home for commercial purposes. (*Id.* at 9.) Plaintiff worked with an approved broker in Defendant's network to apply for a loan. (*Id.*) In November 2021, Plaintiff's loan application was approved. (*Id.*) In January 2022, Plaintiff sought to lock the interest rate at 4.5% and received the Business Purpose Lock Confirmation ("BPLC") guaranteeing that rate. (*Id.* at 10.) The initial lock period in the BPLC was 30 days. (*Id.*) At the request of Plaintiff's broker and prior to the initial lock expiring, Defendant extended Plaintiff's rate lock period an additional 15 days, up to and including February 23, 2022. (*Id.*; ECF No. 68 at 9.) On February 16, 2022, seven days before the rate lock expired, Defendant revoked the BPLC and said it would reprice the loan. (ECF No. 59 at 10.) Defendant's revocation of the initial 4.5% interest rate caused Plaintiff to instead close at a 6.25% interest rate. (*Id.*)

///

///

---

[2]The following facts are undisputed unless otherwise noted. The Court only describes facts that are pertinent to its discussion of the Motions and Countermotion.

[3]Business purpose loans are non-consumer mortgages for investment properties.

[4]A rate lock is a guaranteed interest rate for a set period. (ECF No. 59 at 8.) The potential borrower has until the term expires on the rate lock to meet any conditions for the loan to close at the locked rate. (*Id.*)

## III. DISCUSSION

The parties seek summary judgment on Plaintiff's remaining claim for breach of contract. Plaintiff argues that the BPLC was an enforceable contract in part because it had consideration—he provided his credit inquiry, private financial information, and a property appraisal. (ECF No. 59 at 11-12.) Defendant responds that consideration did not exist because what Plaintiff contends to be consideration was given as part of the loan application, not as consideration for the BPLC. (ECF No. 67 at 18-21.) The Court agrees with Defendant.[5]

It is a "[b]asic contract principle" that an enforceable contract requires consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005) (citation omitted). "Consideration is the exchange of a promise or performance, bargained for by the parties." *Cain v. Price*, 415 P.3d 25, 28 (Nev. 2018) (quoting *Jones v. SunTrust Mortg., Inc.*, 274 P.3d 762, 764 (Nev. 2012)). Consideration can be any benefit conferred or any detriment suffered by the parties. *See, e.g.*, *Nyberg v. Kirby*, 188 P.2d 1006, 1010 (Nev. 1948) (citation omitted).

Plaintiff argues that he provided consideration to obtain Defendant's agreement to lock the interest rate by subjecting to a credit inquiry, providing his financial information, and appraising the property. (ECF No. 59 at 11-12.) But providing requested financial information and other documentation supporting the property's appraised value as part of the loan application process does not itself amount to separate consideration for the rate lock commitment that Defendant later extended. *See Mizrahi v. Wells Fargo Home Mortg.*, No. CASE209-cv-01387-RLH, 2010 WL 2521742, *3 (D. Nev. June 16, 2010). "A benefit conferred or detriment incurred in the past is not adequate consideration for a present bargain." *Cty. of Clark v. Bonanza No. 1,* 615 P.2d 939, 943 (Nev. 1980) (citing *Smith v. Recrion Corp.*, 541 P.2d 663 (Nev. 1975)). Here, no "exchange of a promise or performance" occurred because Defendant did not promise to grant the BPLC in

---

[5]Because the Court's finding that the alleged agreement lacks consideration is dispositive of Plaintiff's breach of contract claim, the Court declines to address the parties' remaining arguments.

3

exchange for Plaintiff's information and property appraisal. *Cain*, 415 P.3d at 28. Indeed, as Defendant argues, the information Plaintiff offered was required to obtain the loan and was given before Defendant provided the BPLC.

Plaintiff also argues that he provided consideration for the BPLC with the 15-day lock extension to February 23, 2022, because he would have paid $1,769.73 in exchange for the extension. (ECF No. 70 at 10.) However, Defendant waived this fee, and Plaintiff never paid. (ECF No. 72 at 7.) As Plaintiff did not confer a benefit to Defendant nor suffer a detriment, no consideration existed. *See, e.g.*, *Cain*, 415 P.3d at 28 (citation omitted). Therefore, the extension did not create an enforceable contract because it lacked adequate consideration. *Id.* (citing *Jones*, 274 P.3d at 764). Plaintiff thus fails to proffer evidence that the BPLC was an enforceable contract.[6]

Plaintiff argues in the alternative that, if the contract was not yet formed, he is entitled to summary judgment because the BPLC constituted an irrevocable option contract. (ECF No. 59 at 15-17.) Defendant counters that the BPLC is not enforceable as an option contract because it too lacks consideration. (ECF No. 67 at 22-23.) The Court again agrees with Defendant.

"In an option contract, one party, 'in return for valuable consideration, agrees with another [party] that the latter may' agree to an underlying contract 'within a specified time upon expressed terms and conditions.' An 'option contract is distinct from the contract which is the underlying agreement and it must stand or fall on its own merits.'" *Fid. & Deposit Co. of Md. v. Big Town Mech., LLC*, 2017 WL 6155044, *3 (D. Nev. Nov. 7, 2017) (quoting *Mohr Park Manor v. Mohr*, 424 P.2d 101, 103 (Nev. 1967)). As the Court explained above, Plaintiff fails to proffer evidence that consideration existed for the BPLC, and Plaintiff has also not proffered evidence of different consideration for the BPLC as an option contract. In fact, Plaintiff's counsel conceded during oral argument that the Court's

---

[6]This analysis should not be construed to mean that all interest rate lock agreements lack consideration and are therefore not enforceable contracts. Rather, the circumstances of these particular facts demonstrate no consideration existed.

finding of a lack of consideration is dispositive of his option contract claim. Accordingly, the BPLC lacked any consideration and thus is not an enforceable option contract.

In sum, the Court agrees with Defendant that Plaintiff did not provide consideration to establish an enforcement agreement existed to support his breach of contract claim. Accordingly, the Court grants Defendant's Countermotion and denies Plaintiff's Motion. The Court denies Plaintiff's motion to certify class as moot.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 59) is denied.

It is further ordered that Defendant's countermotion for summary judgment (ECF No. 68) is granted.

It is further ordered that Plaintiff's motion for class certification (ECF No. 56) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 21st Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE