UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

IDAN U. EDRY, an individual, on behalf of himself and others similarly situated,

Plaintiff,

v.

HOMETOWN EQUITY MORTGAGE, LLC, a Missouri limited-liability company, d/b/a THELENDER,

Defendant.

Case No. 2:22-cv-00804-MMD-MDC

ORDER

I.    SUMMARY

Plaintiff Idan U. Edry sued Defendant Hometown Equity Mortgage, LLC d/b/a/ theLender for failing to honor Plaintiff's locked interest rate. (ECF No. 1.) The Court granted summary judgment in favor of Defendant on Plaintiff's sole remaining claim for breach of contract, finding Plaintiff failed to offer evidence of consideration to establish an enforceable contract. (ECF No. 79 ("Order").) Before the Court is Plaintiff's motion for reconsideration of the Court's Order.[1] (ECF No. 81 ("Motion").) As further explained below, the Court will deny the Motion because Plaintiff has not met the reconsideration standard or otherwise convinced the Court that the Order was incorrectly decided.

II.    DISCUSSION

A.    Plaintiff's Motion for Summary Judgement

In the Order, the Court held that Plaintiff failed to proffer evidence that

---

[1]Defendant responded (ECF No. 85) and Plaintiff replied (ECF No. 89). Defendant also filed a motion to seal. (ECF No. 86.) The Court agrees with Defendant that compelling reasons exist to seal Exhibit A1 attached in support of Defendant's response to the Motion because it contains confidential personal information about Plaintiff. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (providing the "compelling reasons" standard).

consideration existed to establish an enforceable contract. (ECF No. 79 at 5.) Plaintiff now seeks reconsideration, generally arguing that the Court committed clear error. (ECF No. 81 at 2.) Defendant counters that the Court did not commit any error, Plaintiff's Motion repeats the same arguments that the Court already rejected, and Plaintiff offers no explanation as to why he did not previously raise the new arguments presented in the Motion. (ECF No. 85 at 2.) The Court agrees with Defendant.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citation omitted). Reconsideration is appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (citation omitted).

Plaintiff raises three arguments for reconsideration: The Court "committed clear error by concluding that no enforceable contract or option contract existed," "overlooked or misapprehended material facts and controlling law regarding consideration," and "failed to address arguments and evidence that were properly presented." (ECF No. 81 at 2.) The Court will address each point in turn.

### 1.    Concluding that No Enforceable Contract Existed

Plaintiff's argument that the Court committed clear error by concluding that no enforceable contract existed is largely a rearticulation of arguments already presented to the Court and offers no new facts or intervening law to support reversing the Court's decision. (*Id.* at 2-5, 8-10.) *See* LR 59-1(b) ("A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts."). For example, Plaintiff argues again that providing his credit

inquiry, private financial information, and property appraisal constituted valid consideration.[2] (*Compare* ECF No. 59 at 14-15 *with* ECF No. 81 at 2-5.) Absent new facts or law, Plaintiff's disagreement with the Court's ruling does not constitute clear error to warrant reconsideration. *See Brown*, 378 F. Supp. 2d at 1288; *Kearns v. Liberty Ins. Corp.*, No. 3:24-cv-00060-MMD-CSD, 2024 WL 2796999, *3 (D. Nev. May 30, 2024) ("Plaintiffs disagree with the Court's interpretation. But reconsideration is not the appropriate avenue for Plaintiffs to voice their disagreement.").

Plaintiff also argues that the Court erred because its conclusion means that Defendant's rate locks are illusory promises. (ECF No. 81 at 7-8.) However, the Court already noted that its decision does not impact—as Plaintiff argues—the rate locks of "millions of borrowers": "This analysis should not be construed to mean that all interest rate lock agreements lack consideration and are therefore not enforceable contracts. Rather, the circumstances of these particular facts demonstrate no consideration existed." (*Id.* at 8; ECF No. 79 at 4.) Given that the Order impacts only Plaintiff and is in accordance with Nevada law, the Court does not find that Plaintiff experienced manifest injustice or that the Court committed clear error.

### 2.    Overlooking or Misapprehending Facts and Law

Plaintiff then argues that the Court erred in its analysis of consideration by applying the lock extension fee waiver to the wrong version of the Business Purpose Loan Confirmation ("BPLC"). (ECF No. 81 at 6-7.) Several versions of the BPLC exist, but the

---

[2]Plaintiff also presents new theories for consideration that Defendant never waived a rate lock extension fee (ECF No. 81 at 5-7) and that the loan application was a "point along the loan process" and therefore consideration was not yet conferred (*Id.* at 9-10). Plaintiff does not explain why he waited until this Motion to raise these arguments. *See Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). The Court retains discretion not to consider arguments that were not raised until a motion for reconsideration without a good excuse for delay and exercises that discretion here. *See Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995); *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

1  lock extension fee waiver only appears in the final BPLC.[3] (ECF No. 68-7 at 3.) Plaintiff

2  argues that the final BPLC is not relevant to this lawsuit as he sues over an earlier version

3  of the BPLC. (ECF No. 81 at 6.) However, as Plaintiff argued in his response the lock

4  extension fee was valid consideration (ECF No. 70 at 10), the Court examined all copies

5  of the BPLC to determine if Plaintiff paid said fee. Moreover, as the dispositive fact

6  remains unchanged that Plaintiff never paid Defendant for a rate lock extension, the

7  Order's result stands: "[Because] Plaintiff did not confer a benefit to Defendant nor suffer

8  a detriment, no consideration existed." (ECF No. 79 at 4.)

9          Plaintiff also argues that the Court misapplied *Mizrahi v. Wells Fargo Home*

10  *Mortgage*[4] in its consideration analysis largely because, unlike the explicit BPLC, *Mizrahi*

11  concerned an implied-in-fact contract. (ECF No. 81 at 9.) The Court does not find

12  Plaintiff's attempt to distinguish the case persuasive because both implied-in-fact and

13  express contracts require valid consideration. *See, e.g.*, *Helash v. Ballard*, 638 F.2d 74,

14  75 (9th Cir. 1980) ("The obligations of parties to a contract implied in fact, like those of

15  parties to an express contract, must be supported by consideration.") (citation omitted).

16              **3.    Failing to Address Arguments and Evidence**

17          Plaintiff finally argues that the Court failed to address arguments and evidence

18  regarding his theory that the BPLC constituted an option contract because "[t]he Court

19  improperly deemed the option contract unenforceable without addressing the principles

20

21

22

23

24

25

26          [3]As Defendants point out, the BPLC at issue was defunct at the point of issuing
    the final BPLC that removed the lock extension fee, and it would be illogical for Defendant
27  to provide Plaintiff with an amended copy of a moot BPLC with the extension fee removed.
    (ECF No. 85 at 9-10.)
28
                [4]No. CASE209-cv-01387-RLH, 2010 WL 2521742 (D. Nev. June 16, 2010).

1    governing reliance-based agreements."[5] (ECF No. 81 at 10-11.) It is unclear how not

2    addressing this argument would arise to clear error, as district courts generally have

3    discretion to decide whether to address every argument in a motion. *See Rita v. United*

4    *States,* 551 U.S. 338, 356 (2007). Moreover, the Court noted in the Order that it reviewed

5    all the arguments Plaintiff presented but would not discuss arguments unrelated to the

6    outcome of the motion before the court. (ECF No. 79 at 5.) In the Order, the Court found

7    that the BPLC did not have consideration, so it was unenforceable as both a contract and

8    an option contract. (ECF No. 79 at 3-5.) *See Fid. & Deposit Co. of Md. v. Big Town Mech.,*

9    *LLC*, 2017 WL 6155044, *3 (D. Nev. Nov. 7, 2017) (stating that an option contract must

10   "stand or fall on its own merits" and contain consideration) (quoting *Mohr Park Manor v.*

11   *Mohr*, 424 P.2d 101, 103 (Nev. 1967))). Plaintiff's counsel also conceded during oral

12   argument that the Court's finding of a lack of consideration is dispositive of the option

13   contract claim. (ECF No. 84 at 18.) It was therefore unnecessary to continue reviewing

14   the enforceability of an unenforceable contract, and refraining from doing so does not

15   arise to clear error.

16       In sum, the Court will deny Plaintiff's Motion because he does not show that the

17   Court committed clear error or that the decision was manifestly unjust.

18       **B.     Defendant's Motion to Seal**

19       The Court grants Defendant's motion to seal. (ECF No. 86.)

20 **III.    CONCLUSION**

21       The Court notes that the parties made several arguments and cited to several

22   cases not discussed above. The Court reviewed these arguments and cases and

23

24

---

25        [5]To the extent that Plaintiff argues that the Court should have addressed "the principles governing reliance-based agreements," (ECF No. 81 at 10), Plaintiff himself did

26   not present a full reliance-based argument for an option contract in his partial motion for summary judgement. (*See* ECF No. 59 at 16-17 (arguing that the BPLC was an

27   irrevocable option contract because it had consideration and specific expressed terms and conditions ).) The Court is not required to perform legal analysis that Plaintiff did not

28   incorporate into his briefing. *See, e.g.*, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

1    determines that they do not warrant discussion as they do not affect the outcome of the

2    Motion before the Court.

3         It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 81)

4    is denied.

5         It is further ordered that Defendant's motion to seal (ECF No. 86) is granted.

6         DATED THIS 17th Day of March 2025.

7

8         _____

          MIRANDA M. DU

9         UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6